Eastern District
January 1831.

RABASSA
vs.
PASSEMENT ET
AL.

*RABASSA vs. PASSMENET ET AL.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

Where the contractor for a building is sued for materials furnished, and the owner made party to the suit, the latter is only responsible for the costs incurred after issue joined.

This suit was brought to recover the value of materials furnished by the plaintiff to Passement, and employed by him in the construction of a building he had undertaken for Norwood. The plaintiff prayed for judgment against Passement, and that Norwood be condemned to satisfy the same out of the amount due by her to Passement for the erection of the building. Norwood plead the general issue, and Passement admitted the correctness of the plaintiff's claim. There was judgment for the plaintiff as prayed for, and Norwood condemned to the payment of costs. The latter appealed.

*Preston* and *Seghers* for appellees.

*Carleton* and *Locket* for appellant.

*Porter, J.,* delivered the opinion of the court.

The plaintiff furnished materials to the defendant, Passement, which were used by him in the construction of a house for Norwood. The petition states that Passement owes the value of them, which he refuses to pay, and that Norwood is indebted to Passement to the amount of plaintiff's demand and more. It concludes by a prayer that the debt due to Passement may be seized—that judgment be rendered against him, and that Norwood, as his debtor, be compelled to pay it.

Passement acknowledged the debt in his answer, and Norwood denied that she owed Passement any thing.

On the latter issue a good deal of evidence was taken, and the judge *a quo*, gave judgment against Passement for the amount claimed, and directed it should be satisfied out of the funds in the hands of Norwood.

From this judgment, the defendant, Norwood, after an

unsuccessful attempt to obtain a new trial, has appealed.

The question was one of fact, and we think was correctly decided in the court of the first instance. But the appellant complains that she was compelled by the judgment to pay all the costs of the suit, and that is well founded. The costs incurred after issue joined, she is justly responsible for, because her pleading untruely occasioned them. But we are unable to see on what ground she is rendered liable for the costs of bringing Passement, her creditor, into court. We can discover no other, except that it was her neglect to comply with her engagement to the undertaker, which obliged the furnisher of the materials to bring suit against him, and this we do not think a good reason. It would not, in the case of an ordinary debt, be legal to make a debtor responsible for the costs incurred in a suit against his immediate creditor, although his failure to comply with his engagement may have been the cause the creditor was sued. We cannot distinguish between the cases, and we are not aware of any law which extends the responsibility of a contractor for a house, in relation to costs, beyond that of a debtor for any other thing.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding to give such judgment here, as in our opinion ought to have been rendered below, it is ordered and decreed, that the plaintiff do recover of the defendant, Passement, the sum of four hundred and one dollars fifty cents, with interest, from judicial demand and costs incurred by the proceedings, up to the time of his filing an answer in the cause. And it is further ordered, that the said judgment be satisfied out of the funds in the hands of Elizabeth Norwood, due to said Passement, and that, in case she fail to pay the same, within ten days from the notification of the decree, that execution do issue against her therefor; and it is further ordered, that she pay all the costs of this suit from

*Eastern District,*
*January* 1831.

RABASSA
*vs.*
PASSEMENT ET
AL.

When the contractor for a building is sued for materials furnished, and the owner made party to the suit, the latter is only responsible for the costs incurred after issue joined.

Eastern District,
January 1831.

RABASSA
vs.
PASSEMENT ET
AL.

the time of filing her answer, except those of appeal, which are to be paid by the appellee.